IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION


JACY WASOSKI, an individual,

        Plaintiff,

v.

BONNEVILLE BILLING AND
COLLECTIONS, INC., a Utah
Corporation, *et al*,

        Defendants.

Civ. No. 1:25-cv-01987-CL

**FINDINGS AND
RECOMMENDATION**

**CLARKE, Magistrate Judge.**

    This case comes before the Court on the Plaintiff's Motion for Remand to State Court (ECF #7). An oral argument hearing was held on January 15, 2026 (ECF #15). For the reasons below, Plaintiff's Motion (ECF #7) should be GRANTED in part and DENIED in part. The case should be remanded to state court, but the Plaintiff's request for attorney fees should be denied.

## BACKGROUND

    Plaintiff filed her Complaint in Jackson County Circuit Court (25-CV-51791), on September 19, 2025, alleging claims under the Fair Debt Collection Practices Act, the Oregon Unlawful Collection Practices Act, and Or. Rev. Stat. § 648.007. Plaintiff brings her claims

against the Defendants, Bonneville Billing and Collections, Inc., PacifiCorp Inc., and Johnson & Associates Law Office, P.C., asserting that they unlawfully collected or attempted to collect a debt that she did not incur. She claims that the debt was for a utility account that she did not open and was not named on, which was incurred by an ex-boyfriend at an address where she did not live at the time the charges were incurred.

The procedural facts are not in dispute. On September 26, 2025, Defendants Bonneville and PacifiCorp were served with the Summons and Complaint, and on September 29, 2025, Johnson & Associates was served with the same. On October 27, 2025, Bonneville filed a copy of Plaintiff's Complaint, Summons, and First Request for Production with this Court – the District Court for the District of Oregon, Medford Division (ECF #1). This filing did not include any other documentation, such as a Notice of Removal, or any other identifying coversheet, motion, or notice. The filing did not indicate the filing party, their counsel, nor was it signed by any party or attorney.

On November 3, 2025, the Jackson County Circuit Court entered an Order of Default against Defendant PacifiCorp in Plaintiff's state court case. On that same day, Defendants Bonneville and PacifiCorp filed Answers in the federal court proceeding (ECF #4, ECF #5). On November 4, 2025, Defendant Bonneville filed an "Amended Notice of Removal" in the federal proceeding (ECF #6). On the same day, Bonneville also filed paperwork with the Jackson County Circuit Court, giving that court notice of the removal of Plaintiff's Complaint to federal court.

## DISCUSSION

For the reasons below, Plaintiff's motion to remand to state court should be GRANTED.

"A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). "The notice of removal… shall be filed within 30 days" of the defendant's receipt of service of summons. 28 U.S.C. § 1446(b)(1).

> The purpose of the 30–day limitation is twofold: to deprive the defendant of the undeserved tactical advantage that he would have if he could wait and see how he was faring in state court before deciding whether to remove the case to another court system; and to prevent the delay and waste of resources involved in starting a case over in a second court after significant proceedings, extending over months or even years, may have taken place in the first court.

*DeMichele v. Loewen, Inc.*, No. C 12-00628 CRB, 2012 WL 1980828, at *3 (N.D. Cal. June 1, 2012) citing *Wilson v. Intercollegiate (Big Ten) Conf. Athletic Ass'n*, 668 F.2d 962, 965 (7th Cir. 1982)[1]. Failure to comply with the thirty-day time limitation renders the removal procedurally defective. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n. 1 (9th Cir. 1988). The statutory time limit for removal petitions is mandatory. *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980). The time limits cannot be extended by continuance or stipulation. *Lewis v. City of Fresno*, 627 F. Supp. 2d 1179, 1182 (E.D. Cal. 2008); 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3732 (3d ed. & Supp.2008) ("the decided cases make it clear that these statutory periods will not be extended by the district

---

[1] *Wilson* also held that the 30-day limitation contained in § 1446(b) contained an exception for when a plaintiff files an amended complaint that significantly changes the nature of the cause of action. That exception has been superseded by amendments to § 1446(b). *See, e.g., Messick v. Toyota Motor Mfg., Kentucky, Inc.*, 45 F. Supp. 2d 578, 581 (E.D. Ky. 1999). The quotation included here, and its reasoning, are not impacted or superseded by the amendments.

court continuances, demurrers, motions to set aside service of process, pleas in abatement, stipulations, or various other court orders").

Additionally, courts strictly construe the removal statute against removal jurisdiction. *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988); *Takeda v. Nw. Nat. Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985). The "strong presumption" against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper. *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n. 3 (9th Cir. 1990); *Emrich*, 846 F.2d at 1195.

Here, it is undisputed that Defendant Bonneville attempted to timely remove the case to federal court on October 27, 2025, but failed to file a Notice of Removal that complied with the requirements of 28 U.S.C. § 1446(a). Bonneville's initial filing did not contain a signed Notice of Removal, nor did it contain a short and plain statement of the grounds for removal.

More than one week later, on November 4, 2025, Bonneville attempted to cure the flawed filing by filing an "Amended Notice of Removal," which included a Notice of Removal and a short and plain statement of the grounds for removal. By that time, however, the thirty-day limitation had passed. Thus, under the provisions of the removal statute, Bonneville's October 27 filing was substantively improper, and its November 4 filing was procedurally improper.

Defendant Bonneville asserts that the constructive-filing doctrine applies to the filing of the Amended Notice of Removal. The Ninth Circuit has recognized the constructive filing doctrine when a complaint arrives in the custody of the clerk within the statutory period but fails to conform with the formal requirements of local the rules. However, in cases where the court has applied the constructive filing doctrine, the failures addressed have involved minor matters, such as paper length (*Loya v. Desert Sands Unified Sch. Dist.*, 721 F.2d 279 (9th Cir. 1983)) and

a failure to punch holes in the complaint or to include a copy of the civil cover sheet (*Cintron v. Union Pac. R. Co.*, 813 F.2d 917 (9th Cir. 1987)).

The main case cited by Bonneville extended the constructive filing doctrine to notices of removal, in addition to the filing of a complaint. *See GBJ, Ltd. v. Redman*, 521 F. Supp. 2d 1000, 1001 (D. Ariz. 2007). In *GJB*, defense counsel tried to file the removal notice within Section 1446(b)'s deadline, but it was rejected for non-compliance with the local rule mandating electronic filing. *Id.* at 1002. Thus, as in *Cintron* and *Loya*, *GJB* involved the interplay between the statutory timing requirements and compliance with the court's local rules. In *GJB*, the court reasoned that, if it did not apply the constructive-filing doctrine, Defendants would be unable to fully pursue their rights not because of failure to comply with the removal statute, but because of non-compliance with a local rule. *Id.* "Such an interpretation would give the local rule an impermissible jurisdictional character." *Id.*. citing *Smith v. Frank*, 923 F.2d 139, 142 (9th Cir. 1991).

Here, Bonneville's attempted removal filing was not rejected for non-compliance with a local rule, but for non-compliance with the removal statute's substantive requirements: a signed Notice of Removal and a short and plain statement of the grounds for removal. Defendants may be unable to fully pursue their rights, but that is the case due to their own failure to comply with the removal statute, not any non-compliance with a local rule. There is no risk here, then, that the Court's analysis will give a local rule an impermissibly jurisdictional character. This case is therefore distinguishable from *Cintron*, *Loya*, and *GJB*. The constructive filing doctrine does not apply.

Defendant Bonneville also asserts that, due to the electronic filing procedures of the federal court, "when electronically removing a case… the party removing the matter goes

through a myriad of steps, including listing the grounds for removal and an electronic certification under rule 11." Def Resp. (ECF #11) p. 2. Counsel asserts, without any accompanying declaration or other attestation in the record, that:

> Defendants listed the grounds for removal, provided the certification under rule 11 when prompted, uploaded all pleadings served upon the defendants, and listed all attorneys for plaintiff as well as co-Defendants to receive the electronic Notice generated by the filing.

*Id.* Counsel concludes that "All the required elements are present when electronically filing a removal action and notice is given to all parties." *Id.* Counsel cites no case law or statute or court rules to support this conclusion. The Court is not persuaded by this logic. First, it is clear that notice was not given to "all parties," as indicated by Plaintiff counsel's declaration, which includes a copy of the Notice sent to Plaintiff. That Notice indicated that a Complaint had been filed in federal court by Bonneville, but it did not indicate that an ongoing state court case had been removed. Second, regardless of whether counsel entered the statutorily required information into CM/ECF system, he was nevertheless required to make that information present and visible on the face of his filing, in order to comply with 28 U.S.C. § 1446(a).

Finally, the removal statute also requires that "promptly after the filing of such notice of removal," "the defendant shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d). Defendant Bonneville's failure to give written notice to Plaintiff and its failure to file a copy of the notice with the clerk of the Jackson County Circuit Court, as evidenced by that Court's entry of an Order of Default as to PacifiCorp on November 3, magnifies the substantive and procedural defect in this case. None of the proper steps were followed on October 27, 2025, and this cannot

be the date for which we consider Plaintiff's Complaint to be removed. Removal was improper. Plaintiff's case should therefore be remanded to the Jackson County Circuit Court.

## ATTORNEY FEES

Plaintiff moves for her attorney fees associated with the Motion for Remand. On remand, absent unusual circumstances, a court may exercise its discretion to order the removing party to pay attorney fees only where there was no objectively reasonable basis for removal. *Martin v. Franklin Cap. Corp.*, 546 U.S. 132 (2005). Removal is without objectively reasonable basis where the law is clear there is no ground for removal. *Compare Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062 (9th Cir. 2008) (finding that the removing under an ambiguously applied new law was not objectively unreasonable); *with Shaw v. Daifuku N. Am. Holding Co.*, 2:21-cv-01461-DAD-JLT (E.D. Cal. Nov 29, 2021) (awarding fees and costs where the law compelling remand was well-established such that the attempted removal was objectively unreasonable).

Here, while Defendant's actions failed to effectively remove the case, an objectively reasonable basis for removal did exist, under both diversity jurisdiction and federal question jurisdiction. Had Bonneville filed a Notice of Removal that complied with the statutory requirements on October 27, 2025, removal would have been proper, and the Court would have jurisdiction over the case. The Amended Notice of Removal on November 4 was filed too late to cure the flawed attempt at removal on October 27, but counsel's attempt to cure via the constructive filing doctrine was not objectively unreasonable. Plaintiff's request for attorney fees should be denied.

## RECOMMENDATION

For the reasons stated above, Plaintiff's Motion to Remand should be GRANTED. Plaintiff's request for attorney fees should be DENIED. Thus, the Motion (ECF #7) should be GRANTED IN PART AND DENIED IN PART.

The Clerk should be ordered to remand this case to the Jackson County Circuit Court, in Jackson County, Oregon.

## SCHEDULING

This Findings and Recommendation will be referred to a district judge. Objections, if any, are due no later than fourteen (14) days after the date this recommendation is entered. If objections are filed, any response is due within fourteen (14) days after the date the objections are filed. *See* Fed. R. Civ. P. 72, 6. Parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED this 9 day of February, 2026.

_____
MARK D. CLARKE
United States Magistrate Judge